UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:16cr 243  (JCH) |
| | : | |
| v. | : | VIOLATION: |
| | : | 18 U.S.C. Section 1343 (Wire Fraud) |
| | : | |
| JOHN O'BRIEN | : | |

INFORMATION

The United States Attorney charges:

COUNT ONE
(Wire Fraud)

The Defendant

1. At all times relevant to this Information, unless otherwise noted, the defendant JOHN O'BRIEN was an attorney licensed to practice in the State of Connecticut and operated a law practice under the business name CT Trust Counsel.

2. O'BRIEN was the signatory on an Interest on Lawyers' Trust Account ("IOLTA") held at TD Bank in the name of CT Trust Counsel.

3. Clients 1, 2, 3, and 4, whose identities are known to the United States Attorney, were represented by O'BRIEN.

Scheme to Defraud the Victims

4. From in or about April 2011 to in or about June 2014, in the District of Connecticut, O'BRIEN knowingly, willfully, and with the intent to defraud, devised and intended to devise a scheme and artifice to defraud Clients 1, 2, 3, and 4 by means

1

of materially false and fraudulent pretenses, representations, and promises, as more fully set forth below. During the scheme, O'BRIEN defrauded the victim clients out of more than $824,000.

5.  As part of the scheme, O'BRIEN would use funds from one client to pay off debts owed in connection with his representation of one or more previous clients. O'BRIEN would also use funds from clients to pay for personal expenses, including the tuition for one of his children at a private high school.

### Purpose of the Scheme to Defraud

6.  The purpose of the scheme and artifice to defraud was to derive profit for O'BRIEN so that he could use client funds on personal expenses and to pay back other clients to whom he owed debts.

### The Manner and Means of the Scheme

7.  As part of the scheme, O'BRIEN would use his IOALTA to accept client funds to hold in trust, including proceeds from real estate sales, settlements of lawsuits, and liquidations of assets of estates.

8.  As part of the scheme, O'BRIEN received funds in trust between 2012 and 2014 pertaining to Client 1, including the proceeds of a reverse mortgage, the proceeds of sale of a property, and the proceeds of liquidated bank accounts. These funds were to be disbursed to Client 1 and Client 1's heirs. O'BRIEN failed to disburse the total amount of the funds to Client 1 and Client 1's heirs.

9.  As part of the scheme, O'BRIEN receive funds in trust in 2011

pertaining to a construction lawsuit settlement in which he represented Client 2. O'BRIEN failed to disburse the settlement proceeds to Client 2.

10.　As part of the scheme, O'BRIEN received funds in trust from the liquidation of assets of Client 3's estate after Client 3's death. O'BRIEN failed to disburse the total amount of the funds to Client 3's heirs and created false memoranda appearing to request withdrawals of the funds from an heir of Client 3, which were never in fact sent to Client 3. The withdrawals were not authorized by Client 3's heirs.

11.　As part of the scheme, O'BRIEN received funds in trust from Client 4 in connection with Client 4's purchase of her deceased mother's home. O'BRIEN did not convey the funds to the seller's fiduciary until months later, causing Client 4 to incur storage costs for belongings that could not be moved into the home as scheduled.

12.　As part of the scheme, O'BRIEN would use funds received from certain clients to pay debts owed to other clients. For instance, upon receipt of proceeds of a real estate sale pertaining to Client 1 in April 2014, he paid a debt owed in connection with representation of Client 4 that was unrelated to the business of Client 1.

13.　As part of the scheme, O'BRIEN would use funds received into his IOLTA for personal expenses. In addition to writing checks for personal expenses from his IOLTA, O'BRIEN would make large unexplained cash withdrawals from his IOLTA, thereby obscuring any record of how the money was spent.

Execution of the Scheme to Defraud

14. On or about March 28, 2013, in the District of Connecticut, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, O'BRIEN knowingly caused the transmission of certain items by wire communication in interstate commerce, namely, by the processing of check number 40460230-1 drawn on O'BRIEN's IOLTA at TD Bank in the amount of $31,000 and payable to a Connecticut private high school, which the school deposited at First National Bank of Suffield in Suffield, Connecticut, and such check was duly negotiated by wire from the State of Connecticut through the Federal Reserve system outside of the State of Connecticut to permit funds to be transferred from O'BRIEN's IOLTA to the school's bank account

All in violation of Title 18, United States Code, Section 1343.

UNITED STATES OF AMERICA

_____
DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____
SARALA V. NAGALA
ASSISTANT UNITED STATES ATTORNEY